```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    Criminal No. 2017-39
                               )
                               )
CALVIN BENJAMIN                )
                               )
          Defendant.           )
                               )
```

**ATTORNEYS:**

**Jocelyn Hewlett, Acting United States Attorney**
**Sigrid Tejo-Sprotte, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Omodare Jupiter, FPD**
**Brendan A. Hurson, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
   *For Calvin Benjamin.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Calvin Benjamin for release from custody pending sentencing.

### I. FACTUAL AND PROCEDURAL HISTORY

On March 13, 2017, the United States filed a complaint in Criminal No. 2017-21 charging Calvin Benjamin ("Benjamin") with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a); and conspiracy to possess a

controlled substance with intent to distribute in violation of 21 U.S.C. § 846. Benjamin appeared before the Magistrate Judge for his initial appearance on March 15, 2017. The Magistrate ordered Benjamin released pending trial. As conditions of Benjamin's release, the Magistrate ordered Benjamin, among other things, to submit to the Office of Probation for supervision; to surrender his passport; not to leave St. Thomas; to remain in his residence between the hours of 7:00 P.M. and 7:00 A.M.; and to submit to electronic location monitoring.

On July 27, 2017, the Grand Jury returned an indictment in Civil No. 2017-21 charging Benjamin with conspiracy to possess with intent to distribute 100 kilograms of marijuana in violation of 21 U.S.C. § 846; possession with intent to distribute 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii); use of a communication facility to facilitate a felony in violation of 21 U.S.C. § 843(b); and violating the Travel Act, 18 U.S.C. § 1952(a)(3).

On September 5, 2017, the United States filed a one count information in Criminal No. 2017-39 charging Benjamin with conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D). Benjamin pled guilty to that count on October 30,

2017.[1] In pleading guilty, Benjamin admitted that between January 10, 2016, and March 8, 2017, he participated in a conspiracy to possess and distribute marijuana. During this period, Benjamin either received or ensured other members of the conspiracy received 28 packages containing a marijuana sent through the postal system. The 28 packages contained a total of 140 kilograms of marijuana. Benjamin also ensured that other members of the conspiracy were compensated for their efforts in furtherance of the conspiracy.

Following Benjamin's plea, the Court remanded Benjamin to the custody of the United States Marshals Service pending sentencing. On November 1, 2017, Benjamin moved to be released from custody pending his sentencing.

## II. DISCUSSION

Section 3143, title 18, of the U.S. Code ("Section 3143") directs the courts to detain individuals found guilty and awaiting sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). "If the judicial officer makes such a finding, such

---

[1] On November 6, 2017, on the motion of the United States, the Court dismissed the indictment in Criminal No. 2017-21 as to Benjamin.

judicial officer shall order the release of the person in accordance with section 3142(b) or (c)." *Id.* "Section 3143 creates a presumption against release pending sentencing." *United States v. Pivaral-DeLeon*, 678 Fed. App'x273, 273 (5th Cir. 2017). The defendant bears the burden of "rebut[ting] the presumption of detention with clear and convincing evidence that he is not a flight risk or a danger to any person or the community." *United States v. Johnson*, 652 Fed. App'x 619, 621 (10th Cir. 2016).

When determining whether a convicted defendant is likely to flee or pose a danger to a person or the community, a district court should consider the factors enumerated in 18 U.S.C. § 3142(g) ("Section 3142(g)"). *See United States v. Cos*, 198 F. App'x 727, 729 (10th Cir. 2006); *United States v. Colon Berrios*, 791 F.2d 211, 212 (1st Cir. 1986). Section 3142(g) provides:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

### III. ANALYSIS

The Third Circuit has held that "[t]he statutory language, as well as the legislative history[ of section 3143], unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community." *Strong*, 775 F.2d at 506. Thus, "[i]n cases involving drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs." *United States v. Davis*, No. CRIM. 13-173-02, 2013 WL 6094445, at *4 (W.D. Pa. Nov. 20, 2013) (citing *United States v. Perry*, 788 F.2d 100, 111 (3d Cir. 1986) and *Strong*, 775 F.2d at 506-07).

Here, Benjamin argues that he poses no "danger to the community" because he "has no violent criminal record[,] [t]he offense includes no firearms, and there is no claim that the conspiracy had any connection to violence." ECF No. 11 at 7. Benjamin also points out that drug tests carried out by the probation office show that he "has remained drug free since his arrest." *Id.* at 7-8.

Those arguments, in context, are wanting. Indeed, in his plea, Benjamin admitted to playing a significant role in a relatively large-scale and well-planned drug conspiracy for over a year. Benjamin's role included receiving packages containing marijuana sent through the U.S. Postal Service or coordinating

for other individuals to receive those packages. Benjamin delivered the packages to other individuals for further distribution or ensured others did the same. Benjamin also had some responsibility for ensuring his co-conspirators were compensated for their efforts. Ultimately, Benjamin was responsible for smuggling 140 kilograms of marijuana into St. Thomas.

While Benjamin has offered much in the way of argument, he has offered little evidence to support presentencing release. Benjamin's evidentiary deficiency is fatal to his petition. The Court finds that the evidence adduced by Benjamin falls short of the clear and convincing evidence necessary to show that Benjamin is not a danger to the community.[2] *Cf. United States v. Ayllon*, 983 F.2d 298 (D.C. Cir. 1993) ("[The defendant]'s failure to flee up until now does not, by itself, constitute clear and convincing evidence that he is unlikely to flee in the future . . . .").

---

[2] Benjamin also argues that, due to continuing hurricane-related issues with detaining Virgin Islands defendants, his "pre-sentencing incarceration will result in unjust confinement at a security level more severe than what he is due." *See* ECF No. 11 at 13. The Court is unaware of any ground for releasing a convicted defendant pending sentencing that does not include a finding that the defendant is not a danger to the community.

The premises considered, it is hereby

**ORDERED** that the motion for release from custody docketed at ECF Number 11 is **DENIED**.

S\_____
**Curtis V. Gómez
District Judge**